2011-02044
FILED
January 20, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003224227

1  BRAD A. MOKRI, SBN: 208213
   JENNIFER N. HUPE, SBN: 256009
2  LAW OFFICES OF MOKRI & ASSOCIATES
   1851 E. First Street, Suite 900
3  Santa Ana, California 92705
   Telephone No.: (714) 619-9395
4  Facsimile No.: (714) 619-9396

5
   Attorney for Plaintiff
6  HERITAGE PACIFIC FINANCIAL LLC.

7

8

9              UNITED STATES BANKRUPTCY COURT
                EASTERN DISTRICT OF CALIFORNIA
10                 SACRAMENTO DIVISIONAL OFFICE

11 In Re:                              )  Chapter 13
                                       )  Bankruptcy No. : 2:10-bk-47836
12 ARMANDO SILVESTRE QUIROZ AND        )  Adversary Case No.:
   ESPERANZA SANCHEZ                   )
13                                     )
                                       )
14          Debtor.                    )  **PLAINTIFF'S COMPLAINT TO**
                                       )  **DETERMINE DISCHARGEABILITY OF**
15 _____)  **DEBT**
   HERITAGE PACIFIC FINANCIAL, LLC.    )
16 D/B/A HERITAGE PACIFIC FINANCIAL, a )  **[11 U.S.C. §523(a)(2)(A); 11 U.S.C.**
   Texas Limited Liability Company,    )  **§523(a)(2)(B)]**
17                                     )
                                       )
18          Plaintiff,                 )
          vs.                          )
19                                     )  DATE: See Summons
   ARMANDO SILVESTRE QUIROZ AND        )
20 ESPERANZA SANCHEZ                   )
                                       )
21                                     )
          Defendant.                   )
22                                     )
                                       )
23 _____)

24             COMPLAINT TO DETERMINE THE
       DISCHARGEABILITY OF DEBT AND FOR JUDGMENT
25

26
       Plaintiff, through its attorney, Brad A. Mokri, of Law Offices of Mokri & Associates
27
   , states as follows:
28

_____

        PLAINTIFF'S COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

                              - 1

## PARTIES AND JURISDICTION

1. This is an adversary proceeding in bankruptcy brought by Heritage Pacific Financial, LLC. dba Heritage Pacific Financial pursuant to 11 U.S.C. § 523.

2. Defendant filed a Chapter 13 bankruptcy petition on October 20, 2010. Jurisdiction is

vested in this proceeding pursuant to 28 U.S.C. § 157, 28 U.S.C. §1334, and 11 U.S.C. § 523; this matter is a core proceeding.

4. Plaintiff is a creditor of defendant. Plaintiff is the assignee and current owner and/or holder of Defendant's loan and related mortgage note.

## GENERAL ALLEGATIONS

5. Plaintiff is informed and believes, and thereon alleges that in an effort to obtain funds to purchase and/or refinance a property, Defendant completed, or caused to have completed on their behalf, a Uniform Residential Loan Application ("Loan Application"), otherwise known as a 1003 Form, which Defendant executed and signed. A true and correct copy of the Uniform Residential Loan Application is attached as **Exhibit "A"** and incorporated by reference herein.

6. Defendant obtained loans evidenced by promissory notes executed by Defendant. Plaintiff is the true and current owner and holder of Defendant's loan and related promissory note. A true and correct copy of the Note is attached as **Exhibit "B"** and incorporated by reference herein.

7. Defendant certified the accuracy of the information contained in the Loan Application and expressly consented to the verification and re-verification of the information contained therein.

8. Among other information required to be certified, and in fact certified, by Defendant on the Loan Application, was information regarding Defendant's current employer, gross monthly income, and intent to use the property securing the loan as Defendant's primary residence.

9.     Defendant knew that their then-current income was insufficient to obtain the loans, and in an effort to secure the more favorable primary-residence financing rate, Plaintiff is informed, believes and thereon alleges that Defendant provided, prepared, or caused to be prepared, a Loan Application which materially misstated Defendant's employment, income and/or intended use of the property as a primary residence; and caused Defendant's agent to submit to the lender a materially false Loan Application and other materially false documents related thereto.

10.     Plaintiff is informed, believes, and thereon alleges that Defendant directed, instructed, and caused to have their materially false Loan Application and supporting documentation transmitted to Defendant's lender knowing that the information in the Loan Application and supporting documentation was materially false.

11.     The lender did not know, and had no reason to know, that the information and documentation provided by Defendant in and in conjunction with the Loan Application was false.  In reliance on the information and documentation provided by Defendant, the lender approved Defendant's Loan Application.

12.     Defendant executed a promissory note in favor of the lender, pursuant to which Defendant agreed and promised to repay the loan according to the terms of the promissory note. The proceeds of the loan, as stated in the promissory note, were to be used to purchase and/or refinance the property securing the promissory note.

13.     The lender fully performed, including by disbursing the loan proceeds to Defendant.  The lender and/or its assignees duly assigned Defendant's loan and promissory note to Plaintiff, who is currently the owner and holder of Defendant's loan and promissory note.

14.     Defendant defaulted on their payment obligations and obligation to re-verify the information contained in the Loan Application despite the Plaintiff's request therefore.

15.     Plaintiff is informed, believes, and thereon alleges that in applying for the loan, the Defendant knowingly misstated her monthly income on their Loan Application and concealed their true income.  Plaintiff is further informed and believes that the Defendant knowingly misstated the status of their employment on the Loan Application and concealed their true employment status.

Plaintiff is further informed and believes that Defendant misrepresented their residency such that the property securing the loan was not Defendant's primary residence, and concealed their true residency status.

16. The promissory note was duly assigned by the original lender and/or its assignees to Plaintiff, who is the current owner and/or holder of Defendant's Loan and related mortgage note.

17. Plaintiff is not barred from pursuing this action by any anti-deficiency statute or rule. Plaintiff does not seek a deficiency judgment for the balance of a promissory note following foreclosure, but rather seeks a judgment for Defendant's fraud in connection with their loan application, as alleged herein. Plaintiff has attempted to resolve this matter prior to filing this complaint by contacting Defendant.

### FIRST CLAIM FOR RELIEF

### False Pretenses, False Representation or Actual Fraud

### [11 U.S.C. § 523(a)(2)(A)]

18. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 17, above.

19. In an effort to obtain funds to purchase and/or refinance their property, Defendant completed, or caused to have completed on their behalf, a Uniform Residential Loan Application ("Loan Application"), otherwise known as a 1003 Form, which Defendant executed and signed. A true and correct copy of the Uniform Residential Loan Application is attached as **Exhibit "A"** and incorporated by reference herein. Defendant utilized this loan, creating a balance due and owing on this loan of $83,586.60 including interest as of the date the bankruptcy petitioner was filed.

20. Defendant obtained the money by false pretenses, a false representation and actual fraud by misrepresenting that the money obtained for the purpose of purchasing a property for their primary residence. Defendant misrepresented her intended use of the property as their primary residence as the property was being purchased for another individual.

21.     The lender did not know, and had no reason to know, that defendant misrepresented their intended use of the property and in reliance on the information approved the loan.

22.     At the time of obtaining the money from the lender execution of the loan, Defendant failed to disclose to Lender that they did not and would not use the property as their primary residence. Lender justifiably relied on Defendant's representation and paid money for the purchase of a primary residence.

23.     By reason of the foregoing, Defendant obtained money from the lender through false pretenses, false representations and actual fraud. Defendant's actions constitute material misrepresentations of the facts. Defendant intended for the lender to rely on the misrepresentation.

24.     Lender reasonably relied upon Defendant's misrepresentations and was induced to lend money to Defendant by those misrepresentations.

25.     Within the three years prior to the filing of this Complaint, through its independent investigation and collection attempts, Plaintiff discovered that the representations made on Defendant's Loan Application were false.

26.     As a result of Defendant's conduct, Plaintiff has suffered damages at a minimum in the amount of $83,586.60 plus interest and reasonable attorney fees. Pursuant to 11 USC § 523(a)(2)(A), Defendant should not be granted a discharge of this debt to the Plaintiff in the amount of $83,586.60 plus interest and reasonable attorney fees.

## SECOND CLAIM FOR RELIEF

### Use of False Statement in Writing

### [11 U.S.C. § 523(a)(2)(B)]

27.     Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 25, above.

28.     In an effort to obtain funds to purchase and/or refinance their property, Defendant completed, or caused to have completed on their behalf, a Uniform Residential Loan Application ("Loan Application"), otherwise known as a 1003 Form, which Defendant executed and signed.

A true and correct copy of the Uniform Residential Loan Application is attached as **Exhibit "A"** and incorporated by reference herein. Defendant utilized this loan, creating a balance due and owing on this loan of $83,586.60 including interest as of the date the bankruptcy petitioner was filed.

29. In an effort to obtain the funds, Defendant caused to have completed on their behalf, a Uniform Residential Loan Application, otherwise known as a 1003 Form, which Defendant executed and signed.

30. On the Uniform Residential Loan Application, Defendant certified the accuracy of the information contained therein including but not limited to financial condition of Defendant and consented to the verification and re-verification of the information contained therein.

31. Among the information provided and certified by Defendant in their Uniform Residential Loan Application, Defendant was required to certify information regarding their current employer, statements of their gross monthly income, and to certify that their intended to use the loan proceeds to purchase real property which Defendant intended to use as their primary residence.

32. In furtherance of their effort, because Defendant knew that their then current income was insufficient to support the approval of the loan and/or in an effort to secure the more favorable primary-residence financing rate, Plaintiff is informed, believes and thereon alleges that Defendant:

a) Provided, prepared, caused to be prepared, false loan applications, which misstated their employment, income and/or intended use of the property as a primary residence;

b). Certified a false loan application, which misstated their employment income and/or intended use of the property as a primary residence; and

c). Caused their agents to submit to lenders a false loan application and other loan related documents

33. The lender did not know, and had no reason to know, that the information and documentation provided by Defendant in, and in conjunction with, their loan applications was

1 false, and in reliance on the information and documentation provided by Defendant to the lender
2 therein approved the loan.

3     34.    Defendant executed a promissory note in favor of their initial lender, its
4 successors, transferees, and assigns. In the loan application Defendant expressly represented to
5 the original lender and to its successor in interest the accuracy of the information.

6     35.    The proceeds of the loan, as referenced in the promissory note, were to be used by
7 Defendant in the purchase or refinance of the property described therein. In exchange,
8 Defendant agreed and promised to pay according to the mutually agreed upon terms and
9 conditions more particularly described in the promissory notes.

10     36.    Lender fully performed, and Defendant acquired title to the property. The
11 promissory note was duly assigned by the original lender and/or its assignees to Plaintiff, who is
12 the current owner and/or holder of Defendant's Loan and related mortgage note.

13     37.    Defendant has defaulted on their obligations to pay and to re-verify the
14 information contained in the Uniform Residential Loan Application. Despite Plaintiff's attempts
15 to secure information from Defendant to re-verify the information contained in their loan
16 application, Defendant has failed and/or refused to comply with Plaintiff's requests.

17     38.    Within the three years prior to the filing of this Complaint, through its
18 independent investigation and collection attempts, Plaintiff discovered that the representations
19 made on Defendant's Loan Application were false.

20     39.    By reason of the foregoing, Defendant obtained money by using a statement in
21 writing that falsely represented Defendant's financial condition on which the lender relied on.
22 Defendant submitted the loan application with the intent to deceive the lender. Defendant,
23 therefore, had a specific intent to defraud their lender.

24     40.    Defendant's actions constitute material misrepresentations of the facts. Defendant
25 intended for their ender to rely on those misrepresentations. Lender did rely upon Defendant's
26 misrepresentations of repayment and was induced to lend money to Defendant by those
27 misrepresentations. Lender reasonably relied on Defendant's misrepresentations.

28

41. As a result of Defendant's conduct, Plaintiff has suffered damages at a minimum in the amount of $83,586.60 plus interest and reasonable attorney fees. Pursuant to 11 USC § 523(a)(2)(B), Defendant should not be granted a discharge of this debt to the Plaintiff in the amount of $83,586.60 plus interest and reasonable attorney fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court grant the following relief:

1. A monetary judgment against Defendant in the amount of $83,586.60, plus accrued interest at the contractual rate, plus, additional interest at the contractual rate, which will continue to accrue until the date of judgment herein;

2. An order determining that such debt is non-dischargeable under 11 USC § 523(a)(2)(A) and (B);

3. An order awarding Plaintiff its attorneys' fees and costs incurred herein; and

4. An order awarding Plaintiff such additional relief as this Court deems just and equitable.

Dated: January _20_ , 2011        **Respectfully Submitted,**

**LAW OFFICES OF MOKRI & ASSOCIATES**

By: _BRAD A. MOKRI_ .

Brad A. Mokri
Attorney for Plaintiff
Heritage Pacific Financial, LLC.
dbaHeritage Pacific Financial

EXHIBIT "A"

# Uniform Residential Loan Application

This application is designed to be completed by the applicant(s) with the Lender's assistance. Applicants should complete this form as "Borrower" or "Co-Borrower," as applicable. Co-Borrower information must also be provided (and the appropriate box checked) when ☐X the income or assets of a person other than the Borrower (including the Borrower's spouse) will be used as a basis for loan qualification or ☐ the income or assets of the Borrower's spouse or other person who has community property rights pursuant to state law will not be used as a basis for loan qualification, but his or her liabilities must be considered because the spouse or other person has community property rights pursuant to applicable law and Borrower resides in a community property state, the security property is located in a community property state, or the Borrower is relying on other property located in a community property state as a basis for repayment of the loan.

If this is an application for joint credit, Borrower and Co-Borrower each agree that we intend to apply for joint credit (sign below):

Borrower

Co-Borrower

## I. TYPE OF MORTGAGE AND TERMS OF LOAN

| Mortgage Applied for: | VA ☐X  Conventional ☐  Other (explain) | Agency Case Number | Lender Case Number |
|---|---|---|---|
| | FHA ☐  USDA/Rural Housing Service | | |

| Amount | Interest Rate | No of Months | Amortization Type: | Fixed Rate ☐X  Other (explain) REGULAR BALLOON |
|---|---|---|---|---|
| $ 81,000.00 | 8.750 % | 360 | | ☐ GPM  ☐ ARM (type) |

## II. PROPERTY INFORMATION AND PURPOSE OF LOAN

| Subject Property Address (street, city, state & ZIP) | No of Units |
|---|---|
| 232 YACHTSMAN DR VALLEJO California 94591 | 1 |

| Legal Description of Subject Property (attach description if necessary) | Year Built |
|---|---|
| | 1900 |

| Purpose of Loan | ☐ Purchase  ☐ Construction  ☐X Other (explain) | Property will be | |
|---|---|---|---|
| | ☐X Refinance  ☐ Construction-Permanent 2ND LIEN | ☐X Primary Residence  ☐ Secondary Residence  ☐ Investment |

**Complete this line if construction or construction-permanent loan.**

| Year Lot Acquired | Original Cost | Amount Existing Liens | (a) Present Value of Lot | (b) Cost of Improvements | Total (a + b) |
|---|---|---|---|---|---|
| | $ | $ | $ | $ | $ |

**Complete this line if this is a refinance loan.**

| Year Acquired | Original Cost | Amount Existing Liens | Purpose of Refinance | Describe Improvements | ☐ made  ☐ to be made |
|---|---|---|---|---|---|
| | $ | $ 432,000.00 | | Cost $ | |

| Title will be held in what Name(s) | Manner in which Title will be held | Estate will be held in |
|---|---|---|
| | | ☐X Fee Simple |
| Source of Down Payment, Settlement Charges, and/or Subordinate Financing (explain) | | ☐ Leasehold (show expiration date) |

## III. BORROWER INFORMATION

| Borrower | Co-Borrower |
|---|---|
| Borrower's Name (include Jr or Sr if applicable) | Co-Borrower's Name (include Jr or Sr if applicable) |
| ARMANDO S QUIROZ | ESPERANZA SANCHEZ QUIROZ |

| Social Security Number | Home Phone (incl area code) | DOB (mm/dd/yyyy) | Yrs School | Social Security Number | Home Phone (incl area code) | DOB (mm/dd/yyyy) | Yrs School |
|---|---|---|---|---|---|---|---|
| 5625 | | 1974 | | 7189 | | 1969 | |

| ☐X Married (include registered domestic partners) ☐ Separated ☐ Unmarried (include single, divorced, widowed) | Dependants (not listed by Co Borrower) ages | ☐X Married (include registered domestic partners) ☐ Separated ☐ Unmarried (include single, divorced, widowed) | Dependants (not listed by Borrower) ages |
|---|---|---|---|

| Present Address (street, city, state, ZIP) ☐X Own ☐ Rent  2 No Yrs | Present Address (street, city, state, ZIP) ☐X Own ☐ Rent  2 No Yrs |
|---|---|
| mos. | mos. |
| VALLEJO, California 94591 | VALLEJO, California 94591 |
| Mailing Address, if different from Present Address | Mailing Address, if different from Present Address |

**If residing at present address for less than two years, complete the following:**

| Former Address (street, city, state, ZIP) ☐ Own ☐X Rent  No Yrs | Former Address (street, city, state, ZIP) ☐ Own ☐X Rent  No Yrs |
|---|---|
| mos. | mos. |
| | 00000 |

## IV. EMPLOYMENT INFORMATION

| Borrower | | | Co-Borrower | | |
|---|---|---|---|---|---|
| Name & Address of Employer | ☐ Self Employed | Yrs on this job | Name & Address of Employer | ☐ Self Employed | Yrs on this job |
| CSPA ARCHITECTSS | | 12/ | VISION Y COMPROMISO | | 5/ |
| | | Yrs employed in this line of work/profession | | | Yrs employed in this line of work/profession |
| SAN FRANCISCO, CA | | 14 | EL CERRITO, CA | | 14 |
| Position/Title/Type of Business | Business Phone (incl area code) | | Position/Title/Type of Business | Business Phone (incl area code) | |
| JOB/CAPTAIN ARC/ | | | ASSISTANT DIREC/ | | |

**If employed in current position for less than two years or if currently employed in more than one position, complete the following:**

| Name & Address of Employer | ☐ Self Employed | Dates (from - to) | Name & Address of Employer | ☐ Self Employed | Dates (from - to) |
|---|---|---|---|---|---|
| | | | | | |
| | | Monthly Income | | | Monthly Income |
| | | $ | | | $ |
| Position/Title/Type of Business | Business Phone (incl area code) | | Position/Title/Type of Business | Business Phone (incl area code) | |

| Name & Address of Employer | ☐ Self Employed | Dates (from - to) | Name & Address of Employer | ☐ Self Employed | Dates (from - to) |
|---|---|---|---|---|---|
| | | | | | |
| | | Monthly Income | | | Monthly Income |
| | | $ | | | $ |
| Position/Title/Type of Business | Business Phone (incl area code) | | Position/Title/Type of Business | Business Phone (incl area code) | |

Freddie Mac Form 65 7/05
Fannie Mae Form 1003 7/05
NATL21N(CA) (0512) 01
Page 1 of 4
Wolters Kluwer Financial Services

Initials 



EXHIBIT
A

C24D500

## V. MONTHLY INCOME AND COMBINED HOUSING EXPENSE INFORMATION

| Gross Monthly Income | Borrower | Co-Borrower | Total | Combined Monthly Housing Expense | Present | Proposed |
|---|---|---|---|---|---|---|
| Base Empl Income* | $ 9,500.00 | $ 5,500.00 | $ 15,000.00 | Rent | $ | ///////// |
| Overtime | | | | First Mortgage (P&I) | 2,239.00 | 3,315.00 |
| Bonuses | | | | Other Financing (P&I) | 367.00 | 637.23 |
| Commissions | | | | Hazard Insurance | 65.00 | |
| Dividends/Interest | | | | Real Estate Taxes | 518.58 | |
| Net Rental Income | | | | Mortgage Insurance | | |
| Other (before completing see the notice in describe other | | | | Homeowner Assn Dues | | |
| | | | | Other MISC 1007 | | |
| Total | $ 9,500.00 | $ 5,500.00 | $ 15,000.00 | Total | $ 3,189.58 | 3,952.23 |

* Self Employed Borrower(s) may be required to provide additional documentation such as tax returns and financial statements

Describe Other Income  Notice: Alimony, child support, or separate maintenance income need not be revealed if the Borrower (B) or Co-Borrower (C) does not choose to have it considered for repaying this loan.

| B/C | | Monthly Amount |
|---|---|---|
| | / | $ |
| | / | |
| | / | |

## VI. ASSETS AND LIABILITIES

This Statement and any applicable supporting schedules may be completed jointly by both married and unmarried Co-Borrowers if their assets and liabilities are sufficiently joined so that the Statement can be meaningfully and fairly presented on a combined basis, otherwise, separate Statements and Schedules are required. If the Co-Borrower section was completed about a non-applicant spouse or other person, this Statement and supporting schedules must be completed about that spouse or other person also          Completed [ X ] Jointly      [ ] Not Jointly

| ASSETS Description | Cash or Market Value | Liabilities and Pledged Assets. List the creditor's name, address, and account number for all outstanding debts, including automobile loans, revolving charge accounts, real estate loans, alimony, child support, stock pledges, etc. Use continuation sheet if necessary. Indicate by (*) those liabilities which will be satisfied upon sale of real estate owned or upon refinancing of the subject property | Monthly Payment & | Unpaid Balance |
|---|---|---|---|---|
| Cash deposit toward purchase held by | $ | **LIABILITIES** | | |
| | | Name and address of Company | $ Payment/Months | $ |
| List checking and savings accounts below | | | | |
| Name and address of Bank, S&L, or Credit Union | | | / | 0.00 |
| | | Acct no | | |
| Acct no | $ | Name and address of Company | $ Payment/Months | $ |
| Name and address of Bank, S&L, or Credit Union | | | / | 0.00 |
| | | Acct no | | |
| Acct no | $ | Name and address of Company | $ Payment/Months | $ |
| Name and address of Bank, S&L or Credit Union | | | / | 0.00 |
| | | Acct no | | |
| Acct no | $ | Name and address of Company | $ Payment/Months | $ |
| Name and address of Bank S&L, or Credit Union | | | / | 0.00 |
| | | Acct no | | |
| Acct no | $ | Name and address of Company | $ Payment/Months | $ |
| Stocks & Bonds (Company name/number & description) | $ | | / | |
| | < > | | | |
| | < > | Acct no | | |
| | < > | Name and address of Company | $ Payment/Months | $ |
| Life insurance net cash value | $ | | / | |
| Face amount $ | < > | | | |
| Subtotal Liquid Assets | $ | | | |
| Real estate owned (enter market value from schedule of real estate owned) | $ | Acct no | | |
| Vested interest in retirement fund | $ | Name and address of Company | $ Payment/Months | $ |
| Net worth of business(es) owned (attach financial statement) | $ | | / | |
| Automobiles owned (make and year) | $ | | | |
| | | Acct no | | |
| | | Alimony/Child Support/Separate Maintenance Payments Owed to | $ | ///////// |
| Other Assets (itemize) Furniture | $ | Job-Related Expense (child care, union dues, etc ) | $ | ///////// |
| | | **Total Monthly Payments** | $ 3,315.00 | ///////// |
| Total Assets a. | $ | Net Worth (a minus b) ▶ $  (432,000.00) | Total Liabilities b. | $ 432,000.00 |

Initials

## VI. ASSETS AND LIABILITIES (cont'd)

**Schedule of Real Estate Owned** (If additional properties are owned, use continuation sheet.)

| Property Address (enter S if sold, PS if pending sale or R if rental being held for income) ▼ | Type of Property | Present Market Value | Amount of Mortgages & Liens | Gross Rental Income | Mortgage Payments | Insurance, Maintenance, Taxes & Misc. | Net Rental Income |
|---|---|---|---|---|---|---|---|
| SEE SCHEDULE OF REAL ESTATE OWNED | | | | | | | |
| | | $ | $ | $ | $ | $ | $ |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | Totals | $ | $ | $ | $ | $ | $ |

List any additional names under which credit has previously been received and indicate appropriate creditor name(s) and account number.

| Alternate Name | Creditor Name | Account Number |
|---|---|---|
| | | |
| | | |

---

| VII. DETAILS OF TRANSACTION | | VIII. DECLARATIONS | | | | |
|---|---|---|---|---|---|---|
| a Purchase price | $ | If you answer "Yes" to any questions a through i, please use continuation sheet for explanation. | **Borrower** | | **Co-Borrower** | |
| | | | Yes | No | Yes | No |
| b Alterations, improvements, repairs | | a Are there any outstanding judgments against you? | | x | | x |
| c Land (if acquired separately) | | b Have you been declared bankrupt within the past 7 years? | | x | | x |
| d Refinance (incl. debts to be paid off) | | c Have you had property foreclosed upon or given title or deed in lieu thereof in the last 7 years? | | x | | x |
| e Estimated prepaid items | | d Are you a party to a lawsuit? | | x | | x |
| f Estimated closing costs | 578.00 | e Have you directly or indirectly been obligated on any loan which resulted in foreclosure, transfer of title in lieu of foreclosure, or judgment? (This would include such loans as home mortgage loans, SBA loans, home improvement loans, educational loans, manufactured (mobile) home loans, any mortgage, financial obligation, bond, or loan guarantee. If "Yes," provide details, including date, name, and address of Lender, FHA or VA case number, if any, and reasons for the action.) | | x | | x |
| g PMI, MIP, Funding Fee | | | | | | |
| h Discount (if Borrower will pay) | | | | | | |
| i Total costs (add items a through h) | 578.00 | | | | | |
| j Subordinate financing | | f Are you presently delinquent or in default on any Federal debt or any other loan, mortgage, financial obligation, bond, or loan guarantee? If "Yes," give details as described in the preceding question | | x | | x |
| k Borrower's closing costs paid by Seller | | g Are you obligated to pay alimony, child support, or separate maintenance? | | x | | x |
| l Other Credits (explain) | | h Is any part of the down payment borrowed? | | x | | x |
| | | i Are you a co-maker or endorser on a note? | | x | | x |
| | | j Are you a U.S. citizen? | x | | x | |
| | | k Are you a permanent resident alien? | | x | | x |
| m Loan amount (exclude PMI, MIP, Funding Fee financed) | 81,000.00 | l Do you intend to occupy the property as your primary residence? If "Yes," complete question m below | x | | x | |
| n PMI, MIP, Funding Fee financed | | m Have you had an ownership interest in a property in the last three years? | x | | x | |
| o Loan amount (add m & n) | 81,000.00 | (1) What type of property did you own – principal residence (PR), second home (SH), or investment property (IP)? | PR | | PR | |
| p Cash from/to Borrower (subtract j, k, l & o from i) | (80,422.00) | (2) How did you hold title to the home – solely by yourself (S), jointly with your spouse (SP), or jointly with another person (O)? | S | | S | |

---

## IX. ACKNOWLEDGEMENT AND AGREEMENT

Each of the undersigned specifically represents to Lender and to Lender's actual or potential agents, brokers, processors, attorneys, insurers, servicers, successors and assigns and agrees and acknowledges that: (1) the information provided in this application is true and correct as of the date set forth opposite my signature and that any intentional or negligent misrepresentation of this information contained in this application may result in civil liability, including monetary damages, to any person who may suffer any loss due to reliance upon any misrepresentation that I have made on this application, and/or in criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Sec. 1001, et seq., (2) the loan requested pursuant to this application (the "Loan") will be secured by a mortgage or deed of trust on the property described in this application, (3) the property will not be used for any illegal or prohibited purpose or use, (4) all statements made in this application are made for the purpose of obtaining a residential mortgage loan, (5) the property will be occupied as indicated in this application, (6) the Lender, its servicers, successors or assigns may retain the original and/or an electronic record of this application, whether or not the Loan is approved, (7) the Lender and its agents, brokers, insurers, servicers, successors, and assigns may continuously rely on the information contained in the application, and I am obligated to amend and/or supplement the information provided in this application if any of the material facts that I have represented herein should change prior to closing of the Loan, (8) in the event that my payments on the Loan become delinquent, the Lender, its servicers, successors or assigns may, in addition to any other rights and remedies that it may have relating to such delinquency, report my name and account information to one or more consumer reporting agencies, (9) ownership of the Loan and/or administration of the Loan account may be transferred with such notice as may be required by law, (10) neither Lender nor its agents, brokers, insurers, servicers, successors or assigns has made any representation or warranty, express or implied, to me regarding the property or the condition or value of the property, and (11) my transmission of this application as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or my facsimile transmission of this application containing a facsimile of my signature, shall be as effective, enforceable and valid as if a paper version of this application were delivered containing my original written signature.

**Acknowledgement.** Each of the undersigned hereby acknowledges that any owner of the Loan, its servicers, successors and assigns, may verify or reverify any information contained in this application or obtain any information or data relating to the Loan, for any legitimate business purpose through any source, including a source named in this application or a consumer reporting agency.

| Borrower's Signature | Date | Co-Borrower's Signature | Date |
|---|---|---|---|
| X | 3/22/07 | X | 3/22/07 |

---

## X. INFORMATION FOR GOVERNMENT MONITORING PURPOSES

The following information is requested by the Federal Government for certain types of loans related to a dwelling in order to monitor the lender's compliance with equal credit opportunity, fair housing and home mortgage disclosure laws. You are not required to furnish this information, but are encouraged to do so. The law provides that a lender may not discriminate either on the basis of this information, or on whether you choose to furnish it. If you furnish the information, please provide both ethnicity and race. For race, you may check more than one designation. If you do not furnish ethnicity, race, or sex, under Federal regulations, this lender is required to note the information on the basis of visual observation and surname if you have made this application in person. If you do not wish to furnish the information, please check the box below. (Lender must review the above material to assure that the disclosures satisfy all requirements to which the lender is subject under applicable state law for the particular type of loan applied for.)

| BORROWER | I do not wish to furnish this information | | | CO-BORROWER | I do not wish to furnish this information | | |
|---|---|---|---|---|---|---|---|
| **Ethnicity:** | X Hispanic or Latino | Not Hispanic or Latino | | **Ethnicity:** | X Hispanic or Latino | Not Hispanic or Latino | |
| **Race:** | American Indian or Alaska Native | Asian | Black or African American | **Race:** | American Indian or Alaska Native | Asian | Black or African American |
| | Native Hawaiian or Other Pacific Islander | X White | | | Native Hawaiian or Other Pacific Islander | X White | |
| **Sex:** | X Female | Male | | **Sex:** | X Female | Male | |

| To be Completed by Interviewer This application was taken by | Interviewer's Name (print or type) | | Name and Address of Interviewer's Employer |
|---|---|---|---|
| | | | |
| X Face-to-face interview | Interviewer's Signature | Date | National City Bank |
| Mail | | 3/02/2007 | |
| Telephone | Interviewer's Phone Number (incl. area code) | | |
| Internet | | | DANVILLE, CA 94506 |

---

| CONTINUATION SHEET/RESIDENTIAL LOAN APPLICATION | | |
|---|---|---|
| Use this continuation sheet if you need more space to complete the Residential Loan Application. Mark B for Borrower or C for Co-Borrower | Borrower<br>ARMANDO S QUIROZ | Agency Case Number |
| | Co-Borrower<br>ESPERANZA SANCHEZ QUIROZ | Lender Case Number |

**LIABILITIES CONT'D:**

/

Account No-

/

Account No-

/

Account No-

/

Account No-

/

Account No-

/

Account No-

/

Account No-

/

Account No-

/

Account No-

/

Account No-

/

Account No-

/

Account No-

/

Account No-

**Under California Civil Code 1812.30(j) "Credit applications for the obtainment of money, goods, labor, or services shall clearly specify that the applicant, if married, may apply for a separate account."**

I/We fully understand that it is a Federal crime punishable by fine or imprisonment, or both, to knowingly make any false statements concerning any of the above facts as applicable under the provisions of Title 18, United States Code, Section 1001, et seq.

| Borrower's Signature<br>X | Date<br>3/22/07 | Co-Borrower's Signature<br>X | Date<br>3/22/07 |
|---|---|---|---|

Freddie Mac Form 05 7/05
Fannie Mae Form 1003 7/05
**NATL21N(CA)** (0512) 01

Page 4 of 4

CB4D503

ARMANDO S QUIROZ
ESPERANZA SANCHEZ QUIROZ

LIABILITIES CONT'D:

                                                          /

   Account No-

OTHER DEBTS:
                                                          /
                                                          /

   BANKS LOANS:
                                                          /
   Account No-

                                                          /
   Account No-

                                                          /
   Account No-

                                                          /
   Account No-

                                                          /
   Account No-

                                                          /
   Account No-


REAL ESTATE LOANS:

   AURORA
                                          3,315.00 /                432,000.00

   Account No-

                                                          /

   Account No-

                                                          /

   Account No-

                                                          /

   Account No-

                                                          /

   Account No-

                                                          /

   Account No-

ACKNOWLEDGED BY:                          ACKNOWLEDGED BY:

ARMANDO S QUIROZ        DATE: 3/22/07     ESPERANZA SANCHEZ QUIROZ   DATE: 3/22/07

ATTACHMENT TO LOAN APPLICATION

ARMANDO S QUIROZ
ESPERANZA SANCHEZ QUIROZ

SCHEDULE OF REAL ESTATE OWNED

| | TYPE OF PROPERTY | PRESENT MARKET VALUE | AMOUNT OF MORTGAGES & LIENS | GROSS RENTAL INCOME | MORTGAGE PAYMENTS | INSURANCE MAINTENANCE TAXES & MISC | NET RENTAL INCOME |
|---|---|---|---|---|---|---|---|
| 232 YACHTMAN DRIVE VALLEJO, CA 94591 | | | 432,000.00 | | | 3,315.00 | |
| TOTALS | | | 432,000.00 | | | 3,315.00 | |

Signature: _____ Date: 3/22/07
ARMANDO S QUIROZ

Signature: _____ Date: 3/22/07
ESPERANZA SANCHEZ QUIROZ

# ALLONGE TO Installment Consumer Loan Security Agreement

PNC Account #: ▓▓▓▓

NCC ID #: ▓▓▓

DBI Account #: ▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓

Case # ▓▓▓▓▓5

**Allonge to one certain Installment Consumer Loan Security Agreement Dated on or about:** <u>8/12/2010</u>

and Executed by:     <u>ESPERANZA QUIROZ</u>
                    **Debtor(s)**

With a Principle Amount of $     <u>$81,000.00</u>

Debtor Address:     <u>232 YACHTSMAN DR</u>
                   <u>VALLEJO, CA 94591</u>

Pay to the order of:     ~~HERITAGE PACIFIC FINANCIAL, LLC d/b/a~~
Without Recourse          ~~HERITAGE PACIFIC FINANCIAL~~

## PNC Bank N.A., successor by merger to National City Bank

By: _Debra Shealy_ _____
Debra Shealy, President

EXHIBIT "B"

## FIXED RATE CONSUMER NOTE AND SECURITY AGREEMENT – National Home Equity
(Not to be Used for Texas Homestead Loans Unless Purchase Money or Refinance of Purchase Money)

Date _____ 3/20/2007 _____

1.  **DEBTOR(S)**   ARMANDO S QUIROZ
                    ESPERANZA SANCHEZ QUIROZ

    Address         232 YACHTSMAN DR
                    VALLEJO, California 94591

2.  **DEFINITIONS AND GENERAL TERMS.** "You" or "your" means the undersigned Debtors. "We", "our" or "us" means National City Bank, 6750 Miller Road, Brecksville, Ohio 44141, and its successors and assigns. "Note" means this promissory note and security agreement and all related attachments and addenda. "Loan" means the loan evidenced by this Note. Property means the real estate securing the payment of this Note described in Section 4. "Disclosure Statement" means the separate federal truth-in-lending disclosure statement of even date provided to you, the terms of which are incorporated by reference in this Note. Disclosures in the Disclosure Statement are contract terms. We agree that we are making this Loan directly to you. The Section headings of this Note are a table of contents and not contract terms.

3.  **PROMISSORY NOTE.** For value received, you, intending to be legally bound, jointly and severally promise to pay to our order the principal sum of $ __81,000.00__ , which includes a prepaid finance charge of $ __578.00__ , plus interest from the date of this Note on the principal sum outstanding and other sums owed under this Note at the per annum rate of __8.750__ %, payable as described in the payment schedule in the Disclosure Statement. You agree that all past due and unpaid charges owed, including past due interest, may be capitalized and earn interest by adding them to the principal balance of this Note. Interest will be computed on a simple interest basis based upon a 365-day year, but calculated on actual days. Accordingly, your payment history could affect the amount you will pay under this Note.

4.  **PROPERTY.** __232 YACHTSMAN DR__
                    __VALLEJO , California 94591__

5.  **DISBURSEMENT OF PROCEEDS.** You authorize us to disburse all proceeds of this Loan by check, draft, electronic transfer or in such other form or manner as we choose in our sole discretion.

6.  **LATE CHARGE; RETURNED INSTRUMENT CHARGE; DEFERRAL CHARGE; DOCUMENT REQUEST CHARGE.** If all or any portion of any monthly payment is not received within 10 days after it is due and we do not accelerate the entire balance owing under this Note, you agree to pay a late charge. This late charge will be the greater of 10% of the unpaid monthly payment or $40. If any check, draft, negotiable order of withdrawal, or other similar instrument is returned to us unpaid for any reason, you agree to pay a returned instrument charge. This returned instrument charge will be $25. If we, in our sole discretion, permit you to defer any payment(s) you agree to pay a deferral charge for each payment deferred. If you request copies of any documents related to this Loan, you agree to pay a document request charge for the service of providing copies. This document request charge will be $6 per copy. We will not charge you for documents we are required to provide you by law.

7.  **INSURANCE.** You are required to insure the Property until this Loan is paid in full or we sell the Property. You have the risk of loss of the Property and will be responsible for its loss or damage. You agree to obtain primary insurance coverage (including furnishing existing coverage) from any insurer you want that is acceptable to us, provided that the insurer is authorized to do business in the state or jurisdiction where the Property is located or is an eligible surplus lines carrier, in the following types and amounts with us listed as loss payee: (a) fire, "all risk" perils and flood insurance required by law; and (b) all other insurance required by applicable law. You must keep the Property fully insured against loss or damage on terms which are acceptable to us to the extent permitted by law. All insurance proceeds we receive (including a refund of premium) may at our option reduce the indebtedness of this Note or be used to repair or replace the Property. If the Property is destroyed, you must still pay us whatever you owe under this Note. If you fail to maintain the required insurance, we may at our sole option obtain coverages at your expense which we believe are necessary to protect our interests in the Property. You agree to pay the expense of such insurance on demand or agree that we may add such expense to this Loan. You acknowledge that insurance we purchase may cost substantially more than insurance you could purchase. Failure of your insurer to pay a claim, or any part of a claim, will mean you do not have the insurance required by this Note. You also assign to us any other insurance proceeds related to the Note or our interest in the Property. You must promptly provide us with evidence of insurance and proof of payment of insurance premiums upon our request, and all policies must provide us with a minimum of 10 days prior notice of cancellation or material change in coverage. Our mailing address for purposes of this Section is: P.O. Box 91596, Cleveland, OH 44101-0351. You irrevocably authorize us as your agent and on your behalf, which authorization will survive your incompetence, to negotiate, settle and release any claim under your insurance or under any insurance with a third party insurer related to the Property, and to receive and sign all related papers and documents on your behalf including, checks, drafts and other items payable to you.

8.  **PREPAYMENT.** You may voluntarily prepay the principal sum of this Note in part at any time. If you voluntarily prepay the principal sum of this Note in full, you agree to pay a voluntary prepayment charge which will be equal to the greater of __0__ % of the principal balance at the time of prepayment or $ __0.00__ . You will only be charged this voluntary prepayment charge during the first __0__ months of this Note. If we accelerate the entire balance owing under this Note due to your default, you agree to pay an involuntary prepayment charge which will be equal to $ __150.00__ No portion of the prepaid finance charge described in Section 3, under applicable law will be refunded. Subject to Section 3, you authorize us to apply all prepaid sums to the indebtedness of this Note in any manner we elect.

9.  **SECURITY AGREEMENT.** To the extent permitted by law you grant us a security interest and waive all applicable property exemptions and homestead rights (unless the Property is located in Texas) in the following property to secure performance of your obligations under this Note and (except for the Property if it is a principal residence) your obligations under any other agreement with us or our affiliates: (a) the Property including all equipment, parts, accessories and personal property which is a fixture of the Property except "household goods" as defined by 12 C.F.R. 227.12(d) unless purchased with the proceeds of this Loan. If we have a prior lien on your principal residence as security for future obligations, we waive such security as to this Note only; (b) proceeds and unearned premiums of any Property insurance; (c) all of your deposit accounts with us or our affiliates (except individual retirement accounts); and (d) substitutions, replacements, products and proceeds of the foregoing. Our security interest will be a purchase money security interest if any of the foregoing are purchased with the proceeds of this Loan. You agree that we are not a fiduciary with respect to our security interest. You further agree that we may at any time apply proceeds and unearned premiums and any Property insurance to reduce the indebtedness of this Note, even if you are not in default. Upon our request, you will deliver any documents that are necessary for us to perfect our security interest You will defend at your expense our security interest in the Property. To the extent permitted by law, you agree to pay all actual costs imposed to release our interests in the Property.

10. **PROPERTY MAINTENANCE AND USE.** You will promptly pay all fees, fines, and taxes related to this Loan and the Property. You will maintain the Property in good condition except for ordinary wear and tear, and keep it free from all liens, encumbrances, fines and adverse claims. You will make all needed repairs. You will not make any changes to the Property that will decrease its value or decrease its marketability without our prior written consent You will permit us to inspect the Property at a time which is reasonably convenient. If you do not do any of the foregoing, we may do so at our sole option and add the costs to this Loan or require you to provide us with additional collateral. You will not use, or permit others to use, the Property: (a) in violation of any law; (b) contrary to the provisions of any insurance policies covering the Property or in a manner that would invalidate any warranty or (c) for any business, commercial or agricultural purpose unless this Loan is explicitly for such a purpose.



11. **DEFAULT AND REMEDIE...** You will be in default under this Note if (a) you fail to make any payment or pay other amount owing under this Note when due, (b) you fail to keep any of your agreements under this Note or under any other agreement with us or our affiliates, (c) a bankruptcy petition is filed by or against you, (d) you have provided false or misleading information to us, (e) you die or are declared incompetent or incapacitated (f) the Property or any other property for which we or our affiliates possess a security interest is lost, stolen, destroyed, determined by us to be unantsurable for use, seized, impounded or threatened with, or subject to, levy, attachment, condemnation, forfeiture or other administrative or judicial proceedings, or (g) you are in default on any obligation that is secured by a lien on the Property If you are in default, in addition to any other rights and remedies we have under law and subject to any right you may have to cure your default, we may do any of the following (aa) accelerate the entire balance owing under this Note after any demand or notice which is required by law, which entire balance will be immediately due and payable You will pay us interest on this balance at the rate set forth in this Note including after default and acceleration and after any judgment, (bb) demand that you vacate the Property and make it available to us at a time which is reasonably convenient You agree to comply with such demand, (cc) sell, lease, or otherwise dispose of the Property Our disposal of the Property will not release you from any of your obligations and you will pay us any balance owing under this Note, (dd) recover all expenses related to retaking, holding, preparing for sale and selling the Property and reasonable collection costs, attorneys' fees (unless you are a resident of New Hampshire, in which case we may not recover our attorneys' fees from you) and legal expenses as permitted by 11 U S C 506 and applicable state law, and/or (ee) setoff any of your deposit accounts with us or our affiliates (except individual retirement accounts) without demand or notice

12. **PROPERTY CONDITION.** You agree that with respect to any Property (a) it is free from all material defects, in proper operating order and fit for all intended purposes, (b) that our making this Loan was based in part upon the value and condition of them as represented by you, (c) we did not directly or indirectly offer, sell or provide it to you, and (e) we are not a seller, supplier, merchant or warrantor Accordingly, except for specific rights afforded by state law, any claims relating to the Property, including any defect or warranty related to it, are not our responsibility

13. **ADDITIONAL AGREEMENTS.** You agree that (a) you may not sell or assign this Note, the Property or any of its benefits or obligations without our prior written consent We own this Note and may assign this Note or any of its benefits or obligations at any time without your consent, (b) this Note is between you and us and except for successors or assigns as provided by this Note, this Note will not confer any rights upon any third party, (c) our rights and remedies in this Note are not exclusive, (d) we may waive or delay the enforcement of our rights under this Note without waiving or otherwise affecting such rights, (e) the provisions of this Note are only to the extent permitted by applicable law Any part of this Note which cannot be enforced will be void, but the remaining parts will remain in effect, (f) you waive notice of dishonor, protest, presentment, demand for payment (subject to any right you may have to cure your default), waiver, delay and all other notices or demands in connection with this Note, (g) you waive all defenses relating to impairment of recourse or collateral, and we can change any term of this Note, release any collateral or release any obligor by agreeing with any one party without notifying or releasing any other party, (h) we can correct errors in this Note as provided in 15 U S C 1640 upon notice to you even if they are contract terms and you agree to be bound by such corrections Upon our request, you will promptly re-execute this Note to correct errors in the Note You can change any term of this Note only in a writing signed by us, (i) the Bank is a national bank located in Ohio and Bank's decision to make this Loan to you was made in Ohio Therefore, this Note shall be governed by and construed in accordance with (i) Federal laws and regulations including but not limited to 12 USC § 85 and (ii) the laws of Ohio, to the extent Ohio laws are not preempted by federal laws or regulations, and without regard to conflict of law principles, (j) this Note describes all agreements between you and us with respect to the Loan and there are no other agreements An electronic or optically imaged reproduction of this Note or any other document related to your Loan constitutes an original document and may be relied on in full by all parties to the same extent as an original, (k) except as otherwise required by law, we are authorized to mail any notice or other correspondence to you by first class mail to your last known address indicated on our records, (l) you will provide us with 10 days prior written notice of any change in any information contained in your application including a change in your name or address Except as otherwise specified, all notices and payments to us must be sent to P.O Box 5700, Cleveland, OH 44101 0570, or such other place as we may designate Our failure or delay in providing you billing statements or other payment instructions will not relieve you of your obligations under this Note, (m) all payments must be in lawful money of the United States, (n) if you are a natural person you are competent to enter into this Note and if you are other than a natural person, the person signing on behalf of you represents that they are authorized to enter into and execute this Note, (o) we will not be responsible for any personal items in or on vacated Property We will make a reasonable effort to return such items to you or have you reclaim them from us provided you notify us within 5 business days of our taking possession and itemize such items Even if you notify us, you abandon to us any personal items not reclaimed from us within 10 business days of our taking repossession, (p) we may accept late payments or partial payments without losing any of our rights If your payment is marked with the words "Paid in Full" or similar language, you must send your payment to National City, 6750 Miller Road, Brecksville, Ohio 44141, Loentor No. 7107. If your payment is made to any other address, we may accept the payment without losing any of our rights, (q) our application of your payments or other proceeds will be deemed reasonable unless another method is required by law, in which case that method will be deemed reasonable, (r) this Note will be binding and inure to the benefit of you and us and our respective successors and assigns, (s) except as otherwise prohibited by law, Bank may provide to others, including but not limited to, consumer credit reporting agencies, information about our transactions and experiences with you. Also, Bank and its affiliates (collectively "National City") may share with each other all information about you for the purposes, among other things, of evaluating credit applications or offering products and services that National City believes may be of interest to you. Under the Fair Credit Reporting Act there is certain credit information that cannot be shared about you (unless you are a business) If you tell National City by writing to National City Corporation, Attention: Office of Consumer Privacy, P.O. Box 4068, Kalamazoo, MI 49009. You must include your name, address, account number and social security number; (t) the annual IRS Form 1098 will be issued only to the first borrower listed on this Note at origination and the designation of a borrower as first cannot be changed subsequently, (u) we are authorized to sign on your behalf any document required to enforce our interests under this Note, (v) disclosures included in this Note but not required by law are not an admission or waiver of rights by us, (w) all actions under this Note requiring our consent are at our sole discretion, and such consent may be withheld for any reason, (x) our typewritten name in Section 2 will constitute our signature for purposes of this Note, (y) we have an established business relationship with you, and unless otherwise prohibited by law, National City may contact you to offer you products and services that National City thinks may be of interest to you Such contacts are not unsolicited, and National City may contact you with an automated dialing and announcing device or by fax, email or other form of electronic communication and we may monitor telephone calls with you to assure quality service, (z) you will pay all fees we charge you in connection with this Loan including those indicated on any Good Faith Estimate or HUD1/HUD1A provided in connection with this Loan, which will be nonrefundable to the extent permitted by law, (aa) all amounts owed under this Note will be without relief from valuation and appraisement laws, (bb) if this Loan is not for a consumer purpose or you are not a natural person, you are not entitled to any rights afforded consumers under applicable law or regulations, and (cc) In this Note, the term "affiliates" means current and future affiliates of National City Bank, including, but not limited to, the following National City Corporation subsidiaries National City Home Loan Services, Inc , First Franklin Financial Corporation, Madison Bank and Trust Company and National City Mortgage Co

14. **ADDITIONAL NOTICES** The following notices are given by Bank only to the extent not inconsistent with 12 U S C Section 85 and related regulations and opinions, and/or the choice of law provision set forth herein (with respect to which Bank expressly reserves all rights) You acknowledge receipt of the following notices before becoming obligated For purposes of the immediately following *Notice to Cosigner*, "bank" means us



# NOTICE TO COSIGNER

You are being asked to guarantee this de... Think carefully before you do. If the borrower doesn't ⎩⎭ the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility. You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount. The bank can collect this debt from you without first trying to collect from the borrower (and after proper notice to you if you are a "cosigner" as defined by Illinois or Michigan law). The bank can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages (unless you receive wages in North Carolina, Pennsylvania, South Carolina or Texas) etc. If this debt is ever in default, that fact may become a part of *your* credit record. This notice is not the contract that makes you liable for the debt.

## NOTICE TO ALL SIGNERS

You are hereby notified that a negative credit report reflecting on your credit record may be submitted to a consumer (credit) reporting agency if you fail to fulfill the terms of your credit obligations. If you believe that we have information about you that is inaccurate or that we have reported or may report to a credit reporting agency information about you that is inaccurate, please notify us of the specific information that you believe is inaccurate by writing to National City, P.O. Box 94982, Cleveland, Ohio 44101, Attn: Credit Bureau Disputes, Locator 7113.

If the Property is located in California: Lender may, at its option, declare the entire balance of the Secured Debt to be immediately due and payable upon the creation of, or contract for the creation of, any lien, encumbrance, transfer or sale of the Property.

If the Property is located in Colorado: The dollar amount of the finance charge disclosed to you for this credit transaction is based upon your payments being received by us on the date payments are due. If your payments are received after the due date, even if received before the date a late fee applies, you may owe additional and substantial money at the end of the credit transaction and there may be little or no reduction of principal. This is due to the accrual of daily interest until a payment is received.

If the Property is located in Florida: Florida Documentary Stamp Tax in the amount required by law has been paid or will be paid directly to the Department of Revenue, and Florida Documentary Stamps have been placed on the taxable instruments as required by Chapter 201, Florida Statutes.

If the Property is located in Iowa (this is a consumer credit transaction) or Kansas: NOTICE TO CONSUMER: 1. Do not sign this paper (agreement) before you read it. 2. You are entitled to a copy of this paper (agreement). 3. You may prepay the unpaid balance at any time and in accordance with law you will not be entitled to receive a refund of unearned charges. 4. If you prepay the unpaid balance, you may have to pay a prepayment penalty.

If the Property is located in Iowa and the principal amount of this Loan exceeds $20,000: IMPORTANT: READ BEFORE SIGNING. THE TERMS OF THIS AGREEMENT SHOULD BE READ CAREFULLY BECAUSE ONLY THOSE TERMS IN WRITING ARE ENFORCEABLE. NO OTHER TERMS OR ORAL PROMISES NOT CONTAINED IN THIS WRITTEN CONTRACT MAY BE LEGALLY ENFORCED. YOU MAY CHANGE THE TERMS OF THIS AGREEMENT ONLY BY ANOTHER WRITTEN AGREEMENT.

If the Property is located in Maryland: We elect Subtitle 10, Credit Grantor Closed End Credit Provisions, of Title 12 of the Commercial Law Article of the Annotated Code of Maryland.

If the Property is located in Minnesota: If the amount of this Loan is $100,000 or more, we elect Minn. Stat. § 334.01.

If the Property is located in Missouri: Oral agreements or commitments to loan money, extend credit or to forbear from enforcing repayment of a debt including promises to extend or renew such debt are not enforceable. To protect you (borrower(s)) and us (creditor) from misunderstanding or disappointment, any agreements we reach covering such matters are contained in this writing, which is the complete and exclusive statement of the agreement between us, except as we may later agree in writing to modify it.

If the Property is located in New York: YOU SHOULD CHECK WITH YOUR LEGAL ADVISOR AND WITH OTHER MORTGAGE LIEN HOLDERS AS TO WHETHER ANY PRIOR LIENS CONTAIN ACCELERATION CLAUSES WHICH WOULD BE ACTIVATED BY A JUNIOR ENCUMBRANCE.

DEFAULT IN THE PAYMENT OF THIS LOAN AGREEMENT MAY RESULT IN THE LOSS OF THE PROPERTY SECURING THE LOAN. UNDER FEDERAL LAW, YOU MAY HAVE THE RIGHT TO CANCEL THIS AGREEMENT. IF YOU HAVE THIS RIGHT, THE CREDITOR IS REQUIRED TO PROVIDE YOU WITH A SEPARATE WRITTEN NOTICE SPECIFYING THE CIRCUMSTANCES AND TIMES UNDER WHICH YOU CAN EXERCISE THIS RIGHT.

If the Property is located in North Dakota: THIS OBLIGATION MAY BE THE BASIS FOR A PERSONAL ACTION AGAINST THE PROMISOR OR PROMISORS IN ADDITION TO OTHER REMEDIES ALLOWED BY LAW.

If the Property is located in Oregon: NOTICE TO THE BORROWER: Do not sign this loan agreement before you read it. The loan agreement provides for the payment of a penalty if you wish to repay the loan prior to the date provided for repayment in the loan agreement.

If the Property is located in Texas: THIS WRITTEN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

If the Property is located in Vermont: NOTICE TO CO-SIGNER: YOUR SIGNATURE ON THIS NOTE MEANS THAT YOU ARE EQUALLY LIABLE FOR REPAYMENT OF THIS LOAN. IF THE BORROWER DOES NOT PAY, THE LENDER HAS A LEGAL RIGHT TO COLLECT FROM YOU.

If the Property is located in Wisconsin: NOTICE TO CUSTOMER: (a) DO NOT SIGN THIS BEFORE YOU READ THE WRITING ON THE REVERSE SIDE, EVEN IF OTHERWISE ADVISED. (b) DO NOT SIGN THIS IF IT CONTAINS ANY BLANK SPACES. (c) YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN. (d) YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THIS AGREEMENT AND YOU WILL NOT BE ENTITLED TO A PARTIAL REFUND OF THE FINANCE CHARGE.



15.    SIGNATURES. YOU HAVE READ AND AGREE TO ALL PROVISIONS OF THIS NOTE INCLUDING THOSE ON PAGES 1 THROUGH 3 AND IN THE DISCLOSURE STATEMENT WHICH IS INCORPORATED HEREIN BY REFERENCE. (1) DO NOT SIGN THIS NOTE BEFORE YOU READ IT OR IF IT CONTAINS ANY BLANK SPACES TO BE FILLED IN. (2) YOU ARE ENTITLED TO A COMPLETELY FILLED-IN COPY OF THIS NOTE BEFORE YOU SIGN IT. BY SIGNING THIS NOTE, YOU ACKNOWLEDGE THAT YOU HAVE READ AND RECEIVED A COMPLETED COPY OF THIS ENTIRE NOTE BEFORE SIGNING IT ON THE DATE SHOWN ON PAGE 1. SEE PAGES 1, 2 AND 3 AND THE DISCLOSURE STATEMENT FOR ADDITIONAL IMPORTANT TERMS AND CONDITIONS.

ARMANDO S QUIROZ
Type or print name of Debtor

X _____
Debtor's signature

ESPERANZA SANCHEZ QUIROZ
Type or print name of Debtor

X _____
Debtor's signature

_____
Type or print name of Debtor

X _____
Debtor's signature

_____
Type or print name of Debtor

X _____
Debtor's signature

**FOR MICHIGAN GUARANTORS ONLY: Guaranty Agreement.** For value received, you the undersigned guarantors jointly, severally and unconditionally guarantee the payment of all sums owing under this Note when due and the performance by the Debtors of all promises contained in this Note. Upon default, we may proceed against any of you without first proceeding against any Debtor. The liability of each of you will be primary and will not be affected by any settlement, release, extension, renewal or modification of this Note whether or not by operation of law. Each of you voluntarily and knowingly waives all rights to any demands, presentments, notices and defenses of any kind or nature you might have in connection with this Guaranty. Each of you agrees to pay all expenses including reasonable attorneys' fees incurred by us if we have to enforce this Guaranty. Each of you acknowledges that you have read and agree to all terms of this Guaranty, Note and Disclosure Statement prior to signing below.

_____
Type or print name of Guarantor

X _____
Guarantor's signature

_____
Type or print name of Guarantor

X _____
Guarantor's signature

©2004 National City Corporation

